**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                          :
MICHAEL C. BURNS,         :
                          :    Civil Action No. 09-5370 (JBS)
           Plaintiff,     :
                          :
     v.                   :        O P I N I O N
                          :
ERIC TAYLOR, et al.,      :
                          :
           Defendants.    :
_____
```

**APPEARANCES:**

Michael C. Burns, Pro Se
#224306
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08103

**SIMANDLE**, District Judge

Plaintiff, Michael C. Burns, confined at the Camden County Correctional Facility, Camden, New Jersey, has submitted this civil complaint alleging violations of his constitutional rights, and seeking damages pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, this Court will grant his request.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2).

For the following reasons, the complaint will be dismissed, without prejudice.

## BACKGROUND

Plaintiff filed a complaint ("original complaint"), and then an amended complaint.  In his original complaint (docket entry 1), he alleges claims of retaliation, in violation of the First Amendment.  Specifically, he claims that on August 3, 2009, while housed at the Camden County Correctional Facility ("CCCF") he was recommended by the Classification Unit to be hired as the law library "runner."  A few days later, he was told that he was denied the position.  On August 7, 2009, Plaintiff filed a grievance.  Plaintiff started the remedy process, and was denied.

Plaintiff alleges that on October 9, 2009, he went to the law library and saw the new "runner."  Despite his being the runner during previous incarcerations at the CCCF, Plaintiff was not provided any hearing or work opportunity.  He has never had any institutional charges or disciplinary issues, and has minimum status.  In fact, his charges are similar to those charged in his previous incarcerations, when he did hold the runner job.  His grievance forms attached to his complaint demonstrate that Plaintiff was considered for the runner job, but that the job was already filled.

Plaintiff also claims that he was denied the opportunity to make phone calls.  In a grievance attached as an exhibit to the

complaint, Plaintiff sought to call his workers' compensation attorney for a correct address.  The jail responded that he was no longer allowed to make phone calls and that he should have his family make the call for him.  Plaintiff further asserts that his requests to participate in various classes and programs has been ignored.  Plaintiff's complaint surmises that he is being denied these opportunities and privileges due to retaliation for filing lawsuits against the county and various state actors.

In his amended complaint (docket entry 2), Plaintiff adds that on January 19, 2010, he was informed that he was no longer provided "pro se" time in the library on orders of defendant Vernon.  Plaintiff's exhibits to the amended complaint show that Plaintiff thought he was denied library time because he filed a grievance against defendant Vernon accusing him of taking Plaintiff's shampoo during a shake down.

Plaintiff requests monetary or other relief.

### DISCUSSION

A.    **Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, § § 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss

any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a

_____

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008); Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1)

a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## C.   <u>Plaintiff's Retaliation Claims</u>

Plaintiff asserts that he was denied a job as the law library "runner," his use of the phone and his use the law library in retaliation for filing grievances against various officers in the jail.

"Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right."  <u>Allah v. Seiverling</u>, 229 F.3d 220, 224-25 (3d Cir. 2000); <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003).  In order to state a prima facie case of retaliation, a prisoner must assert facts demonstrating that: (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the prison officials' decision to impose such adverse action.  See <u>Carter v. McGrady</u>,

292 F.3d 152, 157-58 (3d Cir. 2002) (quoting <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001)).  Moreover, to show an "adverse action," the inmate must assert facts demonstrating that defendants' actions were of such nature that they were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights."  <u>Allah</u>, 229 F.3d at 225.

Here, Plaintiff's filing of grievances qualifies as protected activity within the meaning of the First Amendment. Plaintiff contends that the adverse action relevant to his claims is that he did not receive the job of his choice, could not make a legal phone call, and was denied time in the law library.[2] However, Plaintiff has not alleged sufficient facts to show that

---

[2]  This Court notes that an inmate has no property or liberty interest protected by the Constitution in obtaining employment.  <u>See</u> <u>James v. Quinlan</u>, 866 F.2d 627, 629-30 (3d Cir. 1989); <u>Johnson v. Fauver</u>, 559 F. Supp. 1287, 1290 (D.N.J. 1983). Any property or liberty interest must be created by statutes or regulations.  <u>See</u> <u>Hewitt v. Helms</u>, 459 U.S. 460, 472 (1983). While New Jersey law states that "inmates of all correctional ... institutions ... shall be employed," this language does not create a liberty or property interest in employment for inmates. <u>See</u> <u>N.J.S.A.</u> § 30:4-92; <u>Little v. Terhune</u>, 200 F. Supp.2d 445, 450 & n.4 (D.N.J. 2002) (stating that New Jersey may have granted prisoners access to educational and work programs, but does not necessarily grant inmates liberty or property interest therein); <u>Johnson</u>, 559 F. Supp. at 1290-91 (statutory scheme does not create liberty or property interest in right to work, despite statutory language that all inmates shall be employed); <u>Rowe v. Fauver</u>, 533 F. Supp. 1239 (D.N.J. 1982) (despite statutory language, "corrections officials have considerable discretion in providing or not providing work opportunities even where the health, strength and mental capacity of inmate are not involved, and thus inmate did not possess a state-created 'liberty' interest in prison employment").

adverse action was taken against him, and that the grievances were the motivating factors behind the so-called adverse action. First, this Court notes that Plaintiff's claims in his original complaint regarding his job placement and the legal phone calls were grieved in August to October of 2009.  However, Plaintiff's lawsuits pending in this Court were filed in 2008, quite some time prior to his grievances.  Regardless, despite the time line, Plaintiff attaches to his complaint exhibits that demonstrate that: (1) Plaintiff was considered for the runner job but was denied the job because the positions had been filled; (2) Plaintiff was denied the right to make the phone call to find out his workers' compensation attorney's new address, but a notation on the grievance form shows that he was to be provided with the address of the attorney; and (3) Plaintiff was denied "pro se" law library time because he was represented by counsel.  In fact, the response to his grievance lists the court, prosecutor, and defense attorney on his case, thus revealing that he was not proceeding "pro se" in his criminal matter.

These facts, apparent from the complaints and attachments thereto, in fact demonstrate that adverse action was not taken against Plaintiff due to the filing of grievances; rather, it appears that Plaintiff's requests were considered and rejected on their own right, for apparently legitimate reasons.

8

Nonetheless, Plaintiff's retaliation claim will be dismissed without prejudice, and Plaintiff will be allowed an opportunity to file an amended complaint.

D.   **<u>Plaintiff's Legal Calls Claim</u>**

Plaintiff alleges that he was denied the right to make phone calls to his worker's compensation attorney regarding the attorney's change of address.  He attaches grievances to his complaint, and responses showing that he was denied the calls and told to have his family call.  He also claims that he was denied access to the law library.  Liberally construing the complaint, Plaintiff alleges a violation of his First Amendment rights to access the courts.

In <u>Christopher v. Harbury</u>, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim for denial of access to courts.  The Supreme Court held that, in order to state a claim for denial of access to courts, the inmate must assert fact showing each of the following three elements: (1) a non-frivolous, underlying legal claim that the inmate was pursuing in connection with his criminal prosecution or his conditions of confinement; (2) the acts of the officials successfully frustrated that particular litigation in the sense that (3) an actual loss of claim or defense resulted from such frustrative acts, hence, giving a basis to grant a remedy that may be awarded as recompense, but that is not otherwise available in the frustrated suit.  <u>See</u> <u>id.</u> at 415.

Here, Plaintiff's allegations do not meet the <u>Christopher</u> criteria.  Plaintiff makes no statement in either the complaint or amended complaint to show that he sought to make these legal calls in connection with his criminal prosecution or with his challenges to conditions of his confinement.  In fact, he says quite the opposite: that he sought to call his workers' compensation attorney for a correct address.  Similarly, no statement made in either complaint indicates that Plaintiff's inability to place such "legal" phone calls, or go to the library, actually resulted in a loss of claim or defense with regard to Plaintiff's criminal prosecution or his prior conditions of confinement challenges.  Likewise, Plaintiff does not claim that any denial of law library time has resulted in a loss of claim or defense with regard to his criminal prosecution or conditions of confinement challenges.  Plaintiff's claim will be dismissed, without prejudice, and Plaintiff may move to reopen this matter to address the deficiencies of this claim.

**<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff may file a motion to reopen the case in order to address the deficiencies of his claims, as outlined in this

Opinion.  In particular, Plaintiff must adhere to the guidance by the Court of Appeals for the Third Circuit, which has explained, "the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage[ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."

Phillips, 515 F.3d at 230-34 (internal citations omitted).  Based on that guidance, Plaintiff must show enough facts to raise a reasonable expectation that he was retaliated against for filing grievances.  He must allege facts to show that there was adverse action taken against him, that was motivated by his filing of the complaints/grievances.  Further, with regard to his access to courts claim, he must show the Christopher factors as cited above, and that any denial of calls or library time actually resulted in a loss of claim or defense with regard to Plaintiff's criminal prosecution or his prior conditions of confinement challenges.

An appropriate order accompanies this opinion.


s/ Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge


Dated:  **November 8, 2010**